RECEIVED
MAY - 1 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| RANDY BAADHIO | Civ. No. 12-456 (JAP) (DEA) |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| GARY LANIGAN et al. | |
| Defendants. | |

**ARPERT, U.S.M.J:**

This matter comes before the Court on a Motion by Plaintiff Randy Baadhio ("Plaintiff") [dkt. no. 78], which seeks to: (1) compel Defendant Matthew Bernstein ("Bernstein"), and Defendants Lorrain Weigand, Todd Zimmelman, Virginia Gogarty, Carol Gallagher, Dr. Joran Lieberman, Dr. Abu Ahasan, Dr. Ihuoma Nwachuwku, and the University of Dentistry Medicine of New Jersey ("UMDNJ Defendants") (collectively, "Defendants") to produce documents responsive to Plaintiff's Notice to Produce Documents, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv). Defendants oppose Plaintiff's Motion [dkt. nos. 81 and 82]. For the reasons specified below, Plaintiff's Motion is **DENIED**.

I.  BACKGROUND

Since the parties are intimately familiar with the facts of this case, the Court will only recite the facts necessary to decide the instant Motion. Plaintiff was previously incarcerated at New Jersey State Prison ("NJSP"). During his incarceration, Plaintiff filed suit, claiming that Defendants violated his constitutional rights by subjecting him to inhumane conditions of confinement and deliberately ignoring his medical needs. Plaintiff subsequently served a Notice to Produce Documents, which included nine specifically enumerated requests and four

paragraphs of non-enumerated general requests. See dkt. no. 79 at pp. 10-11. Defendants responded in part and objected in part. Unsatisfied with Defendants' responses, Plaintiff filed the instant Motion.

II.   **LEGAL STANDARD**

It is well established that the scope of discovery in federal litigation is broad. See FED. R. CIV. P. 26(b)(1). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Id.; see also Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Moreover, information sought by the parties need not be admissible at trial if it is "reasonably calculated" to lead to discovery of admissible evidence. FED. R. CIV. P. 26.

During the course of discovery, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Of course, the responding party is not obliged to produce documents that it does not possess or cannot obtain. See Bumgarner v. Hart, Civ. No. 05-3900, 2007 WL 38700, at *5 (D.N.J. 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control); see also Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 204 (1958) (acknowledging that Rule 34 requires inquiry into whether a party has control over documents). Not only must the requested documents be in the responding party's possession or control, they must also be relevant. The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. See Barnes Found. v. Twp. of Lower Merion, 1996 WL 653114, at *1 (E.D. Pa. 1996).

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26. Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible . . . while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Schmulovich v. 1161 Rt. 9 LLC, 2007 U.S. Dist. LEXIS 59705, at *3-4 (D.N.J. 2007); see also Pearson, 211 F.3d at 65; Fed. R. Civ. P. 26(c).

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iv). Ultimately, it is within the discretion of the Court to grant a motion to compel disclosure for good cause shown. In re Cendant Corp. Sec. Litig., 343 F. 3d 658, 661 (3d Cir. 2003).

### III. DISCUSSION

In the present Motion, Plaintiff moves under Fed. R. Civ. P 37(a) to compel Defendants to produce documents responsive to his Notice to Produce Documents. The Court will first address Plaintiff's general requests, and then address Plaintiff's specific requests as they pertain to each set of Defendants.

#### A. Plaintiff's General Requests

The Court discerns the following requests from the four non-enumerated paragraphs in

3

Plaintiff's Notice to Produce Documents:

(1) Documentation from the Crisis Center at NJSP, such as statistics on suicides, attempted suicides, the "reason for [the Crisis Center's] existence," and information regarding the Crisis Center medical staff;

(2) The list of Department of Corrections ("DOC") employees assigned as "Remedy Coordinators";

(3) All "remedy forms, letters, and other forms of complaints" submitted by Plaintiff to the Warden, the Classification Dept., the Parole Board, DOC Commissioner Lanigan, and Parole Chair Plousis;

(4) Plaintiff's entire DOC "medical and mental" records;

(5) Video recordings of the Crisis Center and the "segregation housing unit" where Plaintiff was housed; and

(6) Documents regarding the hiring of Commissioner Lanigan and Parole Chairman Plousis by Governor Christie, including background checks.

See dkt. no. 79 at pp. 10-11. In response to these requests, the UMDNJ Defendants initially objected on the grounds that they do not possess or control any of the requested documents. See dkt. no. 82-1. Defendant Bernstein initially objected on identical grounds, with the exception of items (2) and (3). See dkt. no. 81-1. With respect to those categories, Bernstein identified the DOC remedy coordinators and provided Plaintiff with the requested remedy forms. Id. Although objecting to Plaintiff's request for medical/mental health records to the extent he did not possess them, Bernstein provided Plaintiff with his medical records for the period of his incarceration. However, Bernstein declined to produce Plaintiff's mental health records because he did not possess them, and, in any event, such records are confidential. Id. Consequently, in response to his general requests, Plaintiff only received documents from Bernstein pertaining to items (2), (3), and (4).

In response, Plaintiff argues that Defendants' objections are improper, and that Bernstein's limited production of documents is insufficient. See Pl.'s Br., pp. 7-9. The Court

addresses each argument in turn.

Plaintiff first argues that because the requested documents are "within the purview of the State of New Jersey", it follows that Defendants "possess" them for the purposes of discovery. Id. at 2. Furthermore, Plaintiff asserts that Bernstein's ability to produce some of the requested documents (i.e., medical records and remedy forms) establishes Bernstein's ability to produce other documents as well, such as video tapes of the Crisis Center. Id. at 8. In response, the UMDNJ Defendants maintain that the requested documents are under the control of the State, not UMDNJ. See UMDNJ's Br., dkt. no. 82, p. 3. Similarly, Bernstein maintains that, as a Senior Corrections Officer for NJSP, he does not possess or control any of the requested documents beyond what he already produced. See Bernstein's Br., dkt. no. 81, p. 10. The Court finds that Defendants' objections are valid.

It is axiomatic under FED. R. CIV. P. 34 that a party is not required to produce documents that are not in its possession, custody, or control. See FED. R. CIV. P. 34(a)(1). In that regard, Plaintiff's interpretation of "possession" as "within the purview of the State" is overly broad and unsupported by any rule, statute or case law. Even if Plaintiff's broad interpretation were accepted, the State of New Jersey is no longer a party to this case, and Plaintiff has not established that Defendants are custodians of the State. Thus, Plaintiff has no basis for claiming that Defendants possess or control any of the requested documents.

Plaintiff's second argument also lacks merit. That Bernstein produced Plaintiff's medical records and remedy forms hardly establishes Bernstein's possession of the other requested documents. As explained in his Brief, Bernstein's counsel simply tried to facilitate the discovery process by informally obtaining as many non-confidential, non-objectionable documents as possible from the DOC and providing copies of the same to Plaintiff. See Bernstein's Br., p. 5.

Thus, Bernstein provided Plaintiff with documents that were not originally in his possession out of courtesy, not obligation. As such, Plaintiff has not established that Defendants possess or control any of the documents responsive to his general requests, and thus, his Motion to Compel fails in this respect.

Concerning Bernstein's responses to items (3) and (4), Plaintiff asserts that the remedy forms and medical reports are incomplete, and that he has a right to access his mental health records that trumps any notion of confidentiality. Id. However, these arguments are not relevant to the instant Motion. First, to the extent that Plaintiff currently possesses the allegedly missing remedy forms, there is no need to compel Bernstein to produce them. In the alternative, if Plaintiff is missing certain remedy forms, he must demonstrate that Bernstein possesses them. Since Bernstein has certified that he provided Plaintiff with all of the requested remedy forms and medical records within his possession, and Plaintiff has not provided any argument to the contrary, the Court declines to compel Bernstein to produce the allegedly missing documents. Second, Plaintiff's allegations of inaccuracy are misplaced. Since Plaintiff does not allege that Bernstein modified or withheld certain portions of the documents, the accuracy of those documents is not in question. Lastly, although Plaintiff may have a right to access his own mental health records, it does not follow that he has a right to compel Bernstein to produce records that he does not possess.

In sum, Defendants' objections to Plaintiff's general requests are valid, because Defendants do not possess or control the requested documents. Furthermore, the Court finds that Bernstein's responses to (3) and (4) are sufficient, as Bernstein provided Plaintiff with all of the remedy forms and non-confidential medical records within his possession. Therefore, the Court declines to compel Defendants to produce documents responsive to Plaintiff's general requests.

### B. Plaintiff's Specific Requests

In addition to general requests, Plaintiff's Notice to Produce Documents also contained nine specifically enumerated requests. The Court addresses each in turn.

### Request No. 1

Plaintiff's first request seeks "personal files for all defendants within your representation, including disciplinary, complaints, transfers, and current employment status." See dkt. no. 79 at p. 10. In their initial responses, Defendants objected on the grounds that their personnel files are confidential pursuant to N.J.S.A. 47:1A-1 et seq., N.J.S.A. 52:13D-25, and Executive Orders 9 (Gov. Hughes), 11 (Gov. Byrne), and 26 (Gov. McGreevy). See dkt. nos. 81-1, 82-2. In the present Motion, Plaintiff relies on N.J.A.C. 4A:1-2.2(c) for the proposition that there is no presumption of confidentiality at trial. See Pl.'s Br., p. 9. In addition, Plaintiff argues that the statutes and executive orders referenced by Defendants do not provide confidentiality for "records in possession of a state agency" and "grievance[s] filed by an individual." Id. Lastly, Plaintiff appears to argue that the UMDNJ Defendants should be estopped from asserting confidentiality because they previously asserted that they are not state employees and, according to Plaintiff, N.J.S.A. 47:1A-1 et seq. only applies to state employees. Id. The Court disagrees.

Contrary to Plaintiff's assertions, N.J.A.C. 4A:1-2.2(c) does not state anything regarding the confidentiality of documents at trial.[1] Similarly, N.J.S.A 47:1A-10 explicitly states that "the personnel or pension records of any individual in the possession of a public agency, including

---

[1] In relevant part, N.J.A.C. 4A:1-2.2(c) reads:
> In addition to records designated as confidential pursuant to the provisions of N.J.S.A. 47:1A-1 et seq., . . . the following records shall not be considered government records subject to public access pursuant to N.J.S.A. 47:1A-1 et seq., as amended and supplemented:
> (1) Appeal files in Merit System Board, Commissioner of Personnel and Division of Equal Employment Opportunity and Affirmative Action matters . . . .

N.J.A.C. 4A:1-2-2(c).

7

but not limited to records relating to any grievance filed by or against an individual, shall not be considered a government record and shall not be made available for public access." N.J.S.A. 47:1A-10. In that connection, "public agency" is expansively defined to include any of the principal departments in the Executive Branch of State Government, and any division, board, bureau, office, commission or other instrumentality within or created by such department." N.J.S.A. 47:1A-11. Since UMDNJ is a public university created by the Department of Education, the protections of N.J.S.A. 47:1A-10 clearly apply to the UMDNJ Defendants. Accordingly, Plaintiff's arguments are without merit.

### Request No. 2

Plaintiff's second request states: "Contracts (active or expired) between UMDNJ and DOC and for the State of New Jersey, complaints, status of current relationship, and if terminated, documents to that effect." See dkt. no. 79 at p. 10. The individual UMDNJ Defendants initially objected on the grounds that they do not possess any such contracts or documents. See dkt no. 82-1. In addition, UMDNJ (the entity) and Bernstein initially objected on the grounds that the request is overly broad, vague, unduly burdensome, and irrelevant. See dkt. nos. 81-1, 82-1. In response, Plaintiff argues that UMDNJ "has only one contract" for a five year period with the DOC, and that the contract is a public record. See Pl.'s Br., p. 5. Thus, Plaintiff claims his second request is neither vague nor unduly burdensome, nor does it seek confidential information. The Court disagrees.

First, Plaintiff does not address the issue of relevance or the individual UMDNJ Defendants' contentions that they do not possess any of the requested contracts. Given that Plaintiff's claim is for inhumane conditions of confinement and deliberate indifference to medical needs, the Court agrees with Defendants that any contracts between the DOC and

8

UMDNJ are irrelevant and unlikely to lead to the discovery of admissible evidence. Furthermore, Plaintiff's discovery requests reads: "contracts, active or expired." The use of the plural "contracts" and the phrase "active or expired" implies that Plaintiff is requesting any and all such documents. Given that Plaintiff failed to specify a time frame or subject matter for the contracts, the Court finds this request to be overly broad and vague. As such, the Court finds that Defendants' objections to Plaintiff's second request are valid.

### Requests No. 5 and 6

Plaintiff's fifth request seeks "actions taken as a result by the State supervisory authorities, including the attorney General and Governor." See dkt. no. 79 at p. 10. The sixth request seeks "certification documents from the State of New Jersey regarding UMDNJ (yearly or otherwise). Id. Defendants initially objected on the grounds that these requests are unclear and unanswerable, in that neither party understands Plaintiff's request. See dkt. nos. 81-1, 82-1. In his Brief, Plaintiff clarifies that he is seeking complaints lodged against NJSP and the DOC relating to "abuses" as well as "certifications" of the individual UMDNJ Defendants, such as renewal credentials and drug tests. See Pl.'s Br. at pp. 6, 8. The Court finds that Plaintiff's "clarifications" are insufficient, in that they do not specify a timeframe or specific subject matter. Moreover, to the extent that Plaintiff seeks documents from "supervisory authorities", such as the Attorney General, such requests are not properly before the Court, since neither the UMDNJ Defendants nor Bernstein are "supervisory authorities". Therefore, the Court finds that Defendants' objections to Request Nos. 5 and 6 are valid.

### Requests No. 3, 4, 7, 8, 9

Lastly, because the Court finds the issue of possession and/or control to be dispositive, it addresses the remaining requests in tandem. The requests state:

9

> Request 3: Documentation related to inspections conducted by accrediting agencies at DOC facilities, including medical and mental health;
>
> Request 4: Extensive documentation of previous claims of constitutional violations and human rights violations against DOC defendants, dating back ten years from this request date; including health violations;
>
> Request 7: Inspections and investigations conducted by New Jersey following complaints regarding DOC and its facilities, including Trenton State Prison;
>
> Request 8: Settlements by the AG and statistic of trial outcomes;
>
> Request 9: Documents regarding Trenton State Prison, including list of all supervisors (sergeants, lieutenants, major, etc.) assigned to the Unit I was housed in, complaints, and outcomes; also about the warden/prison administrator at the time covered by the complaint and to date.

See dkt. no. 79 at p. 10. In their initial objections, Defendants argued, inter alia, that the above requests are improper because they seek information from third parties that is not within Defendants' possession.[2] See dkt. nos. 81-1, 82-1. Though Plaintiff claims that "it is disingenuous for defendants' counsel to write they are not in possession [of the requested documents]", Plaintiff provides no support for this position other than the fact that Defendants allegedly have been the subject of numerous complaints. See Pl.'s Br., pp. 7, 8. Therefore, according to Plaintiff, Defendants should have access to the requested complaints, dispositions, investigations, and other data. Id. However, Defendants' have certified that they do not have such access, and thus, without specific evidence, Plaintiff's argument fails as a matter of law. See Fed. R. Civ. P. 34(a)(1); 37(a)(3)(B)(iv).

---

[2] Initially, Bernstein noted that he "might not have access to any such documents," dkt. no. 81-1 at 5; however, he subsequently clarified in his Brief that he does not have access to any of the relevant documents. See Bernstein's Br., at p. 8.

10

## IV.     CONCLUSION AND ORDER

The Court has considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 1st day of May, 2014,

**ORDERED** that Plaintiff's Motion to Compel Discovery [dkt. no. 78] is **DENIED**.

s/ Douglas E. Arpert
**DOUGLAS E. ARPERT, U.S.M.J.**
