**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RANDY BAAHDIO, | Civil Action No. 12-456 (JAP) |
| Plaintiff, | |
| v. | **OPINION** |
| GARY LANIGAN, et al., | |
| Defendants. | |

**APPEARANCES**:

> Randy Baahdio
> PO Box 3411
> Princeton, NJ 08043
> Plaintiff Pro Se

> Joseph M. Micheletti
> Office of the NJ Attorney General
> Division of Law
> PO Box 112
> Trenton, NJ 08625-0112
> Attorney for Defendant Bernstein

> Gregory J. Giordano
> Lenox, Socey, Wilgus, Formidoni,
> Brown, Giordano & Casey, LLC
> 3131 Princeton Pike
> Building 1B
> Trenton, NJ 08648
> Attorney for Defendants Wiegand, Zimmelman, Leiberman,
> Ahsan, Gogarty, Gallagher, Nwachukwu, and UMDNJ

**PISANO, District Judge**:

This matter comes before the Court upon Motions for Summary Judgment filed by

Defendant Bernstein (ECF No. 89) and Defendants Wiegand, Zimmelman, Leiberman, Ahsan,

2

Gogarty, Gallagher, Nwachukwu, and UMDNJ (ECF No. 92).   The Court decides these matters

without oral argument pursuant to Federal Rule of Civil Procedure 78.   For the reasons

discussed below, the Court will grant the motions for summary judgment and dismiss the

complaint.

## I.   BACKGROUND

Plaintiff filed his Amended Complaint (ECF No. 67) to claim constitutional violations

stemming from conditions of confinement.   Defendant Bernstein filed a Motion for Summary

Judgment (ECF No. 89) in which Defendant asserts, among other arguments, that Plaintiff did

not exhaust his administrative remedies with respect to the claims upon which he now seeks

relief in this matter.   Defendants Wiegand, Zimmelman, Leiberman, Ahsan, Gogarty,

Gallagher, Nwachukwu, and UMDNJ then filed their Motion for Summary Judgment (ECF No.

92) asserting various arguments and joining in Defendant Bernstein's argument regarding failure

to exhaust administrative remedies.   Plaintiff never filed administrative appeals with regard to

the claims he presents here.   (*See* ECF No. 89-2.)   The Court will decide the matter on the issue

of Plaintiff's failure to exhaust administrative remedies regarding his claims.

## II.   STANDARD OF REVIEW

A district court shall grant summary judgment, as to any claim or defense, "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."   Fed.R.Civ.P. 56(a).   Thus, summary judgment is appropriate

where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.   *Id.*   "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."   *Id.* at 247-48 (emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.   See Fed.R.Civ.P. 56(c)(1), (4); *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); *see also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing *Celotex*, 477 U.S. at 325)).

4

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F.App'x 56, 58 (3d Cir. 2011) (citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); *Anderson*, 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Anderson*, 477 U.S. at 255). In

5

making this determination, however, the court may consider materials in the record other than those cited by the parties.   Fed.R.Civ.P. 56(c)(3).

## III.   DISCUSSION

In support of the Motion for summary judgment for failure to exhaust administrative remedies, Defendants have submitted information related to the administrative complaints filed by Plaintiff.   (*See* ECF 89-2.)   While Plaintiff filed a number of inmate remedy forms concerning various issues, Plaintiff failed to file an Administrative Appeal with respect to any of the requests.   *Id.*   These facts are not in dispute.

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).   Specifically, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is a precondition for bringing suit and, as such, it is a "'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'"   *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013) (alternation in original) (citations omitted).

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  *See also Nyhuis v. Ngo*, 204 F.3d 65, 68-69 (3d Cir. 2000) (holding that the § 1997e(a) exhaustion

requirement applies equally to claims brought by federal and state prisoners).   In addition, a prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action.   *Booth v. Churner*, 532 U.S. 731 (2001).

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007).   *See also Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004) (same).   The burden of proving non-exhaustion lies with the defendants asserting the defense. *Jones*, 549 U.S. at 212, 216-17.

Section 1997e(a) "demands that a prisoner exhaust his administrative remedies before filing suit."   *Strickengloss v. State Correction Institution at Mercer*, 531 F.App'x 193, 194 (3d Cir. 2013) (emphasis added) (citing *Jones v. Bock*, 549 U.S. at 204).   *See also Thrower v. U.S.*, 528 F.App'x 108 (3d Cir. 2013) (affirming dismissal of *Bivens* claim for failure to exhaust, even though prisoner exhausted his remedies after filing suit) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (collecting cases)); *Oriakhi v. United States*, 165 F.App'x 991, 993 (3d Cir. 2006) (noting "unanimous circuit court consensus" that a prisoner cannot fulfill the exhaustion requirement after filing the complaint).   Accordingly, if Plaintiff failed to exhaust his administrative remedies before filing this action, he cannot cure that defect during the pendency of this suit.

7

The New Jersey Department of Corrections has established a comprehensive Inmate Remedy System, through which "inmates may formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff." *See* N.J.A.C. 10A:1-4.1 through 4.9.   The Inmate Remedy System Form is available from inmate housing units, the Social Services Department, and the law library. N.J.A.C. 10A:1-4.4(f).   An aggrieved inmate must submit the Inmate Remedy System Form to the designated institutional coordinator, who refers it to the appropriate official for response. N.J.A.C. 10A:1-4.8.   The Inmate Remedy System Form must be complete and legible and must include "a clear and concise statement summarizing the request."   N.J.A.C. 10A:1-4.4(e).   Generally, the response to a routine request is to be provided to the inmate within 30 days. N.J.A.C. 10A:1-4.4(i), 10A:1-4.5(e).   Where further deliberation is necessary, the initial response to the inmate shall include statements that indicate that further deliberation is necessary, the nature of the deliberation required, and the timeframe within which the final response shall be provided to the inmate.   N.J.A.C. 10A:1-4.4(i).   An inmate may appeal the initial response to the institution Administrator within 10 calendar days from the issuance of the initial decision, and the Administrator is to respond within 10 business days.   N.J.A.C. 10A:1-4.4(i), 10A:1-4.6. The response from the Administrator completes the administrative remedy procedure.   N.J.A.C. 10A:1-4.6(d).   The New Jersey regulations specifically provide that "[t]he comprehensive Inmate Remedy System to include a 'Routine Inmate Request' and/or 'Interview Request,' and an 'Administrative Appeal' must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems." N.J.A.C. 10A:1-4.4(d).

8

Here, the undisputed evidence reflects that Plaintiff initiated administrative remedies, but failed to exhaust them by administrative appeal.   Even if the initial response to Plaintiff was not a satisfactory resolution of Plaintiff's request, he was required to appeal the decision in order to exhaust his administrative remedies.   *Cf. Ramos v. Hayman*, Civil No. 11-0259, 2011 WL 3236395 (D.N.J. July 27, 2011) (holding that New Jersey state prisoner who failed to appeal or respond to initial response asking him to contact an investigator had failed to exhaust available administrative remedies).

Accordingly, this Court finds that Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) before bringing suit.   The Motion for summary judgment will be granted and all of Plaintiff's claims will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Motions for Summary Judgment filed by Defendant Bernstein (ECF No. 89) and Defendants Wiegand, Zimmelman, Leiberman, Ahsan, Gogarty, Gallagher, Nwachukwu, and UMDNJ (ECF No. 92) are granted.   An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano_____
JOEL A. PISANO, U.S.D.J.

DATED:   October 29, 2014